WATERMAN S. S. CORP. v. SHIPOWN-
ERS & MERCHANTS TOW-
BOAT CO., Limited et al.
THE SEA FOX.

No. 13135.

United States Court of Appeals
Ninth Circuit.

Oct. 30, 1952.

Rehearing Denied Dec. 22, 1952.

Graham & Morse, Clarence G. Morse, Francis L. Tetreault, San Francisco, Cal., for appellant.

James A. Quinby, Lloyd M. Tweedt, Stanley J. Cook, Derby, Sharp, Quinby & Tweedt, San Francisco, Cal., for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

PER CURIAM.

In this proceeding in admirality appellees obtained an award for salvage by the tug Sea Fox of appellant's vessel Herald of the Morning. At the time of the salvage operation the Sea Fox and its owners were under contract to tow the vessel. The facts of the case are set out in extenso in the opinion of the trial court, 98 F.Supp. 123.

The principles of law applicable in cases of this kind are well understood and were accurately stated in the opinion below. Nevertheless the question whether the circumstances of a particular case are such as to turn towage into salvage is often one of much difficulty. The question, however, is essentially one of fact. The court saw and heard the witnesses. It found that through the parting of the hawser, in a full gale, the Herald went adrift and into a position of grave peril solely by reason of the violence of the storm; that it was rescued therefrom only through the efforts of the Sea Fox and other craft; and that the Sea Fox incurred risks and performed services beyond the scope of her towage contract. Contrary to the claim of appellant, it found that the danger to the tow was not occasioned or contributed to by any negligence of the tug. These findings support the award, and we are of opinion that they are not clearly erroneous, or erroneous at all, for that matter.

Certain subsidiary contentions made by appellant will be noticed. One of these is that a provision of the towage agreement releasing the Sea Fox from liability for her negligence is invalid as being against public policy. Because of the finding of want of negligence the point becomes immaterial. Another contention is that the Sea Fox was guilty of a statutory fault in that her Master, Captain Sommer, lacked an unlimited master's license. It is argued that the so-called rule of The Pennsylvania, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148, is applicable here, namely that where a ship has committed a positive breach of a statute she must show not only that probably her fault did not contribute to the disaster, but that it did not and could not have done so. The trial court, assuming the applicability of the rule, held that the burden of proof had been met since it was clearly shown by the evidence that the Herald was set adrift and carried into a position of danger solely by the violence of the storm. It found also that in addition to Captain Sommer the Sea Fox was officered by two others, one of whom had an unlimited master's ocean going license and the other an unlimited mate's ocean going license; and that in fact all three were experienced and competent men.

No question is raised as to the total amount of the salvage award but only to the percentage thereof (55%) awarded the Sea Fox. On the basis of the record we are not able to say that the proportion assigned the Sea Fox was too great.

Affirmed.

Rehearing denied; POPE, Circuit Judge, dissenting. See 200 F.2d 563.